UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **TODD GARDNER, II,**<br><br>Plaintiff,<br><br>v.<br><br>**RENTGROW, INC. and ANANT YARDI,**<br><br>Defendants. | **Civil Action No. 1:25-cv-11903** |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, Federal Rule of Civil Procedure 81, and United States District Court for the District of Massachusetts Local Rule 81.1, Defendants RentGrow, Inc. ("RentGrow") and Anant Yardi ("Mr. Yardi", by and through undersigned counsel, hereby remove Docket Number 2551SC000426 currently pending in the Small Claims Division of the Wrentham District Trial Court of Massachusetts ("State Action") to the United States District Court for the District of Massachusetts.

Removal of the State Court Action to this Court is proper for the following reasons:

### I.     PROCEDURAL HISTORY AND BACKGROUND

1.     On May 28, 2025, Plaintiff Todd Gardner, II ("Plaintiff") filed a Complaint (the "Complaint") in the State Action styled *Todd Gardner v. RentGrow, Inc. and Anant Yardi;* Docket Number 2551SC000426.

2.     In the Complaint, Plaintiff alleges violations of state and federal laws.

3.     Specifically, Plaintiff states that RentGrow and Mr. Yardi violated the "Fair Credit Reporting Act (FCRA)" – including 15 U.S.C. §§ 1681e(b) and 1681i – and the "Massachusetts Consumer Protection Act, Chapter 93A."

## II.     GROUNDS FOR REMOVAL

4. Federal courts have original jurisdiction of all cases that arise under federal law, 28 U.S.C. § 1331, and such cases are explicitly within this Court's removal jurisdiction. *See* 28 U.S.C. § 1441(b) (providing that the courts have removal jurisdiction for any action in which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties, or laws of the United States).

5. The FCRA is a federal statute, and the basis of Plaintiff's claim is that RentGrow and Mr. Yardi violated that statute. RentGrow's and Mr. Yardi's position is that they did not violate any federal or state law. The parties' claims and defenses thus rest, in part, on an interpretation of 15 U.S.C. § 1681 *et seq*.

6. As-plead, Plaintiff's state law claim under the Massachusetts Consumer Protection Act, Chapter 93A stems from the same operative facts and forms part of the same case or controversy as his federal claims. Thus, this Court has supplemental jurisdiction over that state claim. *See* 28 U.S.C. § 1367(a) ("in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy").

## III.     COMPLIANCE WITH STATUTORY REQUIREMENTS

7. In accordance with 28 U.S.C. § 1446(a), a true and correct copy of all pleadings and orders from the State Court Action are attached hereto as **Exhibit A**. Upon information and belief, no other related documents have been filed in the State Court Action.

8. RentGrow and Mr. Yardi have not yet been served. Thus, removal is timely under 28 U.S.C. § 1446(b)(1).

9. Upon review of the Court's electronic filing system, no previous Notice of Removal has been filed or made with this Court for the relief sought herein.

10. The United States District Court for the District of Massachusetts is the federal judicial district encompassing the Waltham District Trial Court of Massachusetts, where this suit is currently pending. Venue is therefore proper under 28 U.S.C. § 1441(a).

11. Pursuant to the provisions of 28 U.S.C. § 1446(d), RentGrow and Mr, Yardi will promptly file a copy of this Notice of Removal with the Clerk of the Waltham District Trial Court of Massachusetts and will serve a copy upon Plaintiff. A copy of the Notice of Filing Notice of Removal is attached hereto as **Exhibit B**. As required by 28 U.S.C. § 1447(b) and Local Rule 81.1, certified or attested copies of all records, documents, and document entries obtained from the Waltham District Trial Court will be filed with this Court following the filing of this Notice of Removal.

12. Accordingly, pursuant to 28 U.S.C. §§ 1331 and 1441, the present lawsuit may be removed from the Waltham District Trial Court of Massachusetts and brought before the United States District Court for the District of Massachusetts.

### IV. RESERVATION OF RIGHTS

20. RentGrow and Mr. Yardi deny any allegations contained in Plaintiff's Complaint or in any other filing in the State Court Action and file this Notice of Removal without waiving any defenses, objections, exceptions, or obligations that may exist in its favor in either state or federal court.

21. Further, in making the allegations in this Notice of Removal, RentGrow and Mr. Yardi do not concede in any way that the allegations in the Complaint are properly raised against

RentGrow or Mr. Yardi, that Plaintiff has asserted claims upon which relief can be granted, or that recovery of any of the amounts sought is authorized or appropriate.

22.     RentGrow and Mr. Yardi reserve the right to amend or supplement this Notice of Removal.  And, in this regard, if any questions arise as to the propriety of the removal of the State Court Action, RentGrow and Mr. Yardi expressly requests the opportunity to present a brief, oral argument, and/or any further evidence necessary in support of their position that this action is removable.

WHEREFORE, having met all the requirements for removal, Defendants RentGrow, Inc. and Anant Yardi and remove this case from the Waltham District Trial Court of Massachusetts to the United States District Court for the District of Massachusetts, and seek whatever further relief this Court deems equitable and just.

Dated: July 3, 2025                                                  Respectfully submitted,

By:     /s/ Danni L. Shanel
Danni L. Shanel (BBO #710378)
TROUTMAN PEPPER LOCKE LLP
111 Huntington Avenue, 9th Floor
Boston, MA 02199-7613
617.204.5100
danni.shanel@troutman.com

*Attorneys for RentGrow, Inc. and Anant Yardi*

4

5

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 3, 2025, I caused the foregoing document to be filed with the Clerk of Court using the CM/ECF system, which will send notice of electronic filing to all counsel of record. I further certify that a copy of the foregoing was sent via U.S. Mail to:

Todd Gardner
PO Box 7163
Grand Rapids, MI 49510
*Pro se Plaintiff*

                                       */s/ Danni L. Shanel*
                                       Danni L. Shanel (BBO #710378)

316543032